IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE ROI JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　／ | No. C-07-0195 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CAUSES OF ACTION ASSERTED AGAINST DEFENDANTS RICHMOND POLICE DEPARTMENT AND OFFICER ANTHONY JACKSON; VACATING HEARING**<br><br>(Docket No. 21) |

　　　　Before the Court is the motion filed March 5, 2007 by defendants Richmond Police Department ("Department") and Officer Anthony Jackson ("Officer Jackson") to dismiss the claims asserted against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Le Roi Johnson ("Johnson") has filed opposition; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the April 13, 2007 hearing, and rules as follows.

　　　　1. All claims asserted against the Department are subject to dismissal because Johnson fails to allege any unconstitutional policy, practice, or custom of the Department. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Accordingly, the motion to dismiss all claims asserted against the Department is hereby GRANTED and all

1  such claims are DISMISSED with leave to amend.

2      2. Johnson's claim against Officer Jackson for violation of the First Amendment to
3  the United States Constitution is subject to dismissal because Johnson concedes that he
4  was arrested and charged with brandishing a weapon and obstruction of justice, (see
5  Compl. at 3:8-10), not because of his speech.  Accordingly, for the reasons set forth by
6  defendants, the motion to dismiss Johnson's claim against Officer Jackson for violation of
7  the First Amendment is hereby GRANTED, and such claim is DISMISSED with prejudice.

8      2. Johnson's claim against Officer Jackson for violation of the Eighth Amendment is
9  subject to dismissal because the protections of the Eighth Amendment apply only after
10 conviction, see, e.g., City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244
11 (1983) (citing Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977)), and Johnson concedes
12 the charges against him were dismissed, (see Compl. at 3:17).  Accordingly, for the
13 reasons set forth by defendants, the motion to dismiss Johnson's claim against Officer
14 Jackson for violation of the Eighth Amendment is hereby GRANTED, and such claim is
15 DISMISSED with prejudice.

16     3. Johnson's claim against Officer Jackson for violation of the Fourteenth
17 Amendment is not subject to dismissal.  The Ninth Circuit has held that "there is a clearly
18 established constitutional due process right not to be subjected to criminal charges on the
19 basis of false evidence that was deliberately fabricated by the government."  See
20 Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc).  As plaintiff alleges
21 Officer Jackson "filed a false police report in order to justify arresting [plaintiff]," (see Compl.
22 at 5), plaintiff has sufficiently alleged a due process claim against Officer Jackson.  See id.;
23 see also Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987) (reversing
24 dismissal of § 1983 claim based on allegation that police officers "contrived charges to
25 justify the arrest, submitted false police reports and initiated his criminal prosecution in bad
26 faith").  Officer Jackson is not entitled to qualified immunity because plaintiff's due process
27 right is sufficiently clear that no reasonable officer could believe it was lawful to draft a false
28 police report for purposes of justifying plaintiff's arrest.  See Devereaux, 263 F.3d at 1074-

75; Usher, 828 F.2d at 562; see also Saucier v. Katz, 533 U.S. 194, 201 (2001). Accordingly, defendants' motion to dismiss the 14th amendment claims asserted against Officer Jackson is hereby DENIED.

    4. Officer Jackson shall answer the complaint within 14 days of the date this order is filed.

    5. If plaintiff wishes to amend his allegations against the Department, any amended complaint shall be filed no later than 30 days from the date this order is filed.

    This order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated: April 30, 2007

                                MAXINE M. CHESNEY
                                United States District Judge