IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LE ROI JOHNSON,

Plaintiff,

v.

CONTRA COSTA COUNTY, et al.,

Defendants.
_____/

No. C-07-00195 MMC (EDL)

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; ORDER TO SHOW CAUSE**

Plaintiff filed his complaint on January 10, 2007. On February 23, 2007, Judge Chesney referred this case to this Court for all discovery purposes. On September 20, 2007, Defendants filed a motion to compel discovery, which the Court granted on October 26, 2007. The Court ordered Plaintiff to serve responses to Defendants' discovery requests and initial disclosures no later than November 30, 2007.

On December 19, 2007, Defendants filed a motion for sanctions on the grounds that Plaintiff failed to serve any discovery or disclosures in violation of the Court's October 26, 2007 Order. Plaintiff failed to oppose the motion for sanctions, and he did not appear at the February 5, 2008 hearing. In the motion for sanctions, Defendants seek dismissal of Plaintiff's complaint, or in the alternative, evidentiary and monetary sanctions based on one failure to respond to discovery and one failure to comply with a court order.

A district court must weigh five factors in determining whether to dismiss a case as a sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Payne v.

Exxon Corp., 121 F.3d 503, 5080 (9th Cir. 1997). Dismissal is an extreme sanction to be imposed in cases where the violations of court orders were willful, in bad faith or the fault of the party. See United States v. Kahaluu Construction Co., 857 F.2d 600, 603 (9th Cir. 1988). Although the first three factors weigh in favor of dismissal, the fourth and fifth factors weigh against dismissal, presenting a close question. Dismissal, or at least evidentiary sanctions, may well be warranted, particularly if Plaintiff fails to comply with this or future court orders. The Court understands Defendants' frustration with Plaintiff's lack of participation in this case, and is mindful that trial is set in this case for June 2, 2008. However, since dismissal or the equivalent through issue preclusion are extreme sanctions, the Court will give Plaintiff one more chance to prosecute this case. Therefore, Defendants' motion for sanctions is denied.

Accordingly, Plaintiff is ordered to show cause as to why this Court should not recommend that this case be dismissed for failure to comply with Court discovery orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The show cause hearing is scheduled for February 19, 2008 at 9:00 a.m. in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Further, Plaintiff shall comply with the Court's October 26, 2007 discovery order no later than February 19, 2008, and shall provide proof of that compliance at the February 19, 2008 hearing. Any unexcused failure to comply with this Order will result in a recommendation by the Court for severe sanctions, up to and including dismissal of Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: February 6, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge