IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE ROI JOHNSON, | No. C-07-0195 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE** |
| v. | |
| CONTRA COSTA COUNTY, et al., | |
| Defendants | |

    Before the Court is the Report and Recommendation ("Recommendation"), filed February 19, 2008 by Magistrate Judge Elizabeth D. Laporte, that the instant action be dismissed for plaintiff's failure to comply with discovery orders and failure to prosecute. On February 28, 2008, plaintiff Le Roi Johnson filed a document titled "Objection to Decision, Notice of Appeal and Request for All Court Deadlines and Schedules" ("Objection"), which filing the Court construes as an objection made pursuant to 28 U.S.C. § 636(b)(1).[1]

    Having reviewed the matter, the Court will adopt the Report and Recommendation in its entirety, and, for the reasons expressed therein, and the following reasons, will dismiss the action.

---

[1] As noted, plaintiff includes the words "Notice of Appeal" in the document's title. A review of the document indicates the "appeal" is to the district court.

The Recommendation is based, in part, on the following: (1) plaintiff's failure to serve initial disclosures on defendant by the April 13, 2007 deadline for such disclosures, (see Rec. at 1:21-23); (2) plaintiff's failure to respond to defendant's discovery requests, served on plaintiff on June 13, 2007, (see id. at 1:19-21); (3) plaintiff's failure to comply with the Court's October 26, 2007 order compelling such initial disclosures and responses,[2] (see id. at 1:25-27); (4) plaintiff's failure to oppose defendant's motion for dismissal sanctions, filed December 19, 2007, (see id. at 1:29-2:5); (5) plaintiff's failure to appear at the February 5, 2008 hearing on the motion for sanctions, (see id. at 2:4-5); (6) plaintiff's failure to comply with the Court's February 6, 2008 order to show cause by providing proof of plaintiff's compliance with earlier discovery orders, (see id. at 2:10-14); and (7) plaintiff's failure to appear at the February 19, 2008 show cause hearing as ordered, (see id. at 2:15-16). Additionally, the Magistrate Judge noted that plaintiff "had not contacted the Court about any of its discovery orders," (see id. at 2:16), and had failed to comply with the order to show cause and failed to appear at the show cause hearing, "without any communication with the Court," (see id. at 2:27-28).[3]

Plaintiff objects on the ground that he was "denied access to courts for months while incarcerated." (See Objection at 1.)[4] In prior filings, plaintiff asserted he was incarcerated

---

[2] The October 26, 2007 order, as the Magistrate Judge noted, was returned to the Court as "undeliverable." (See id. at 1:27-28.) Although plaintiff subsequently notified the Court of his change of address, (see Change of Address filed Nov. 13, 2007), such notice was not timely, see Civil L.R. 3-11 (requiring prompt filing of notice), and in any event plaintiff has not objected to the Recommendation on the ground that he did not receive the October 26, 2007 order. Even if plaintiff had objected on such ground, however, such objection would be insufficient to address the numerous other instances in which plaintiff did not comply with discovery obligations and court orders.

[3] On February 22, 2008, three days after the Magistrate Judge issued her Recommendation, plaintiff filed a document titled "Showing Cause." Such filing was untimely, and, moreover, was not sufficient, in either form or content, to respond to the Court's order to show cause, which order required plaintiff's presence at the February 19, 2008 show cause hearing and proof of compliance with the Court's prior discovery order. (See Order filed Feb. 6, 2008 at 2:13-17.)

[4] Plaintiff also states that, upon his release, he had difficulty obtaining a mailbox. (See Objection at 2.) As noted, however, plaintiff notified the Court of his change of address on November 13, 2007, (see Change of Address filed Nov. 13, 2007), and subsequent to such notification, court orders mailed to plaintiff have not been returned to

beginning August 8, 2007, (see Pl.'s "Motion Denying Defendants' Motion to Dismiss," filed Sept. 24, 2007), and estimated he would be released "around the end of October [2007]," (see Pl.'s "Release Date Information," filed Oct. 2, 2007).  Any such incarceration, however, does not excuse plaintiff's failure to comply with discovery obligations and court orders both prior to and subsequent to the period during which he was incarcerated.  The Court thus turns to the matter of sanctions.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, where a party fails to comply with one or more court orders concerning discovery, sanctions may be imposed. To justify the sanction of dismissal, however, the district court must find the offending party's noncompliance was due to willfulness, fault, or bad faith.  See Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (internal quotation and citation omitted).  Here, plaintiff has not offered evidence that his disobedient conduct, as set forth in the Recommendation and above, was outside his control.  See id. (placing burden on disobedient litigant to "present evidence that he attempted to obtain" the subject discovery and demonstrate that production of such discovery "would be impossible" or "would subject him to civil or criminal sanctions").  Nor does the record otherwise reflect any circumstances sufficient to excuse such conduct.  Indeed, the record reflects to the contrary.  The Court thus finds plaintiff's misconduct to be willful, in bad faith, and solely the result of plaintiff's own fault.

In addition to a finding of willfulness, bad faith, or fault, a district court must also consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  See Payne, 121 F.3d at 507.  The Court recognizes that public policy favors

---

the court.  Further, plaintiff appears to have received defendant's filings as well.  (See Objection at 2:5-6 (acknowledging receipt of various documents.))

3

resolution of cases on their merits and, consequently, that the fourth factor will always weigh against dismissal.  As discussed below, however, in the instant case, each of the remaining factors weighs in favor of dismissal.

As noted, the first factor is the public's interest in expeditious resolution of litigation. Here, plaintiff's continued refusal to provide discovery has, to date, made resolution of the merits of this case impossible.  Plaintiff filed his complaint on January 10, 2007 and, as a result of plaintiff's failure to provide even preliminary discovery materials, no progress has been made in the ensuing fourteen months.[5]

With respect to the second factor, plaintiff's misconduct has seriously interfered with the Court's ability to manage its docket.  In June 2007, the Court set the case for trial on June 2, 2008, and further set a number of pretrial deadlines and dates in connection therewith.  As a result of plaintiff's willful refusal to comply with his court-ordered obligations, none of those deadlines has been or will be met, and none of the court proceedings can go forward as scheduled.  Additionally, such repeated failures have necessitated repeated intervention by the Court in matters that ordinarily would have, and should have, proceeded in routine fashion.

The consequences of plaintiff's misconduct are not limited to those affecting the Court.  The Court finds defendant has been adversely affected by such conduct as well, and that such adverse effects constitute prejudice.  In so finding, the Court has considered whether plaintiff's actions have "impair[ed] the defendant's ability to go to trial or threaten[ed] to interfere with the rightful decision of the case."  See Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987).  As noted, trial is scheduled to begin on June 2, 2008, and, given plaintiff's conduct, cannot proceed on that date.  Although prejudice resulting from delay alone does not suffice to warrant dismissal, a "[f]ailure to produce documents as ordered . . . is considered sufficient."  Adriana Int'l Corp. v. Thoeren, 913

---

[5] Even if the Court were to disregard the period of approximately three months during which plaintiff was incarcerated, plaintiff has not shown he has participated in discovery or complied with court orders regarding such discovery in any of the eleven months during which plaintiff was not incarcerated.

4

1  F.2d 1406, 1412 (9th Cir. 1990).  Here, plaintiff's refusal to participate in discovery or abide

2  by previous court orders has significantly hampered defendant's ability to gather evidence

3  and to prepare for trial, and, consequently, "constitutes an interference with the rightful

4  decision of the case."[6]  See id.  Even if plaintiff were to provide the relevant discovery

5  materials at this stage of the proceedings, which, the Court notes, plaintiff has not offered

6  to do, such tender would not cure the prejudice to defendant.  See, e.g., Payne, 121 F.3d

7  at 508 (holding "last minute tender of documents does not cure the prejudice to opponents .

8  . .").  Further, "[w]hether prejudice is sufficient to support an order of dismissal is in part

9  judged with reference to the strength of the plaintiff's excuse for the default."  Malone, 833

10 F.2d at 131.  As noted, plaintiff here offers no adequate excuse for his repeated failures to

11 comply with discovery obligations and court orders and, indeed, continues to refuse to

12 comply.[7]  Consequently, the third factor weighs heavily in favor of dismissal.

13      Lastly, as to the availability of less drastic sanctions, the Court finds that none are

14 feasible.[8]  The Court's prior imposition of lesser sanctions consisting of warnings to plaintiff,

15 and the issuance of multiple orders to comply with discovery obligations, have had no effect

16 on plaintiff, and thus are unlikely to prompt plaintiff's compliance in the future.  Specifically,

---

[6] The Court further notes defendant has expended time and resources in the instant action, including time and resources spent in responding to the complaint and endeavoring to prepare the case for trial, including moving to compel discovery, (see Decl. of Owen T. Rooney in Support of Mot. to Compel, filed Sept. 20, 2007, ¶ 11 (stating defense counsel anticipated incurring attorney's fees of $750 in connection with motion to compel)), moving for sanctions, (see Decl. of Owen T. Rooney in Support of Mot. for Dismissal and/or Sanctions, filed Dec. 19, 2007, ¶ 5 (stating defense counsel anticipated incurring attorney's fees of $750 in connection with motion for sanctions)), and making appearances before the Court, including the February 5, 2008 and February 19, 2008 hearings at which plaintiff did not appear, (see Civil Minutes dated Feb. 5, 2008 and Feb. 19, 2008).

[7] To the extent plaintiff may, by referring to his incarceration, be seeking to justify his misconduct, the Court, as discussed above, has found such circumstance cannot excuse plaintiff's consistent failure to comply during the extensive periods both pre-dating and post-dating such time of incarceration.

[8] "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured [,] ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel...."  Malone, 833 F.2d at 132 n.1 (internal quotation and citation omitted).

1  plaintiff's ongoing refusal to disclose the requisite initial discovery, respond to discovery
2  requests, or abide by court orders convinces the Court that further orders would be an
3  ineffective remedy, particularly in light of the Court's prior express warning that continued
4  noncompliance could result in dismissal.  (See Order filed Feb. 6, 2008 at 2:15-18); see
5  also Malone, 833 F.2d at 132 (holding "warning a plaintiff that failure to obey a court order
6  will result in dismissal can suffice to meet the 'consideration of alternatives' requirement").
7  Monetary sanctions would not be appropriate, as plaintiff is appearing in forma pauperis.
8  (See Order filed Jan. 22, 2007.)  Placing the case at the bottom of the Court's calendar
9  would be no sanction at all, as plaintiff appears content to allow his claims to linger
10 indefinitely.
11      In sum, having weighed each of the relevant factors, the Court finds all but one
12 weigh heavily in favor of dismissal and, consequently, that terminating sanctions are
13 appropriate in this case.
14      Accordingly, the Objection is hereby DENIED.  The Court hereby ADOPTS the
15 Recommendation, and, for the reasons expressed therein and the reasons stated above,
16 the above-titled action is hereby DISMISSED with prejudice.
17      **IT IS SO ORDERED.**
18 Dated: March 24, 2008
                                                            _____
19                                                           MAXINE M. CHESNEY
                                                            United States District Judge

6